KOLIO LEA'E, Petitioner,

v.

SIVE M. LEA'E, Respondent

High Court of American Samoa
Trial Division

DR. NO. 13-86

September 2, 1986

Before REES, Chief Justice, and OLO, Associate Judge.

Counsel: For the Petitioner, Albert Mailo

At the hearing on petitioner's "Motion for New Trial and Reconsideration" counsel for petitioner repeatedly urged the Court to construe or enlarge the record by reference to counsel's own written notes of his client's testimony. Counsel argued that although the English translation of his client's testimony might seem to preclude the Court from granting his client a divorce, the original testimony in Samoan provided a basis for concluding that his client had not engaged in habitual cruelty against his wife, or had been provoked into any mild cruelty in which he did engage. In

56

particular, counsel said his client had used the word "fasi" to describe what he had done to his wife. Although the interpreter translated this word as "hit," counsel insists that the word might denote a mere "slap on the wrist."

Quite aside from the dubious legal relevance of this datum --- we decided not only that plaintiff's action was barred by his own habitual cruelty, but also that he had established no habitual cruelty on the part of his wife --- we feel compelled to write in order to stress the impermissibility of post hoc attempts to alter or enlarge the record of a trial.

If counsel is dissatisfied with the interpreter's translation of any part of a witness's testimony, his remedy is to say so immediately so that the error, if any, can be corrected. Counsel is also free to ask the witness any questions that he feels are necessary to eliminate ambiguities in the record. (The word "hit" in English can also be used to designate a slap on the wrist, and if counsel thought his client had merely slapped his wife on the wrist he could have asked him to enlarge upon this part of his testimony.)

The Samoan Associate Judges are also available to correct any inaccuracies they detect in the translation as soon as such inaccuracies should occur.

The post-trial and appellate stages of a proceeding, which with a few extraordinary exceptions must be based upon the record made at trial, are not the appropriate forum for such corrections.